1

2

3

4

5

6

_____ FILED   _____ ENTERED
_____ LODGED  _____ RECEIVED

**SEP 1 4 2021**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

raThe Honorable Richard A. Jones

7

8

9

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

16

17

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR21-141RAJ |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| MATTHEW GRABOWSKY, | |
| Defendant. | |

18    The United States of America, by and through Brian T. Moran, United States

19  Attorney for the Western District of Washington, and Matthew P. Hampton, Assistant

20  United States Attorney for said District, Defendant MATTHEW GRABOWSKY, and

21  Defendant's attorneys, TIMOTHY LEARY and CHRISTOPHER BLACK, enter into the

22  following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A),

23  (B).

24    1.    **Waiver of Indictment**.  Defendant, having been advised of the right to be

25  charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge

26  brought by the United States Attorney in an Information.

27

28

Plea Agreement - 1
*U.S. v. Grabowsky*, CR21-141RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2.      **The Charge**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Information:

a.      Possession of Child Pornography, as charged in Count 1, in violation of Title 18, United States Code, Section 2252(a)(4)(B), (b)(2).

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3.      **Elements of the Offenses**. The elements of the offenses to which Defendant is pleading guilty are as follows:

a.      Possession of Child Pornography, as charged in Count 1:

*First*, the defendant knowingly possessed matter that the defendant knew contained visual depictions of minors engaged in sexually explicit conduct;

*Second*, the defendant knew each visual depiction contained in the matter was of minors engaged in sexually explicit conduct;

*Third*, the defendant knew that production of such visual depictions involved the use of a minor engaged in sexually explicit conduct; and

*Fourth,* each visual depiction had been either transported in interstate or foreign commerce, or produced using material that had been transported in interstate or foreign commerce by computer or other means.

4.      **The Penalties**. Defendant understands that the statutory penalties applicable to the offense to which Defendant is pleading guilty are as follows:

a.      For the offense of Possession of Child Pornography, as charged in Count 1:  A maximum term of imprisonment of up to 20 years, a fine of up to $250,000, a period of supervision following release from prison of not less than 5 years and up to life, a mandatory special assessment of $100, and a $5,000.00 penalty assessment unless the

Plea Agreement - 2
*U.S. v. Grabowsky*, CR21-141RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   defendant is indigent.  If a probationary sentence is imposed, the probation period can be
2   for up to five (5) years.

3       Defendant further understands that, in order to invoke the statutory sentence for
4   the offense charged in Count 1, the United States must prove beyond a reasonable doubt
5   that the offense involved a visual depiction of a prepubescent minor or a minor who had
6   not attained 12 years of age.  Defendant expressly waives the right to require the United
7   States to make this proof at trial and stipulates as a part of this plea of guilty that the
8   offense involved a visual depiction of a prepubescent minor or a minor who had not
9   attained 12 years of age.

10      Defendant understands that supervised release is a period of time following
11  imprisonment during which Defendant will be subject to certain restrictive conditions and
12  requirements.  Defendant further understands that, if supervised release is imposed and
13  Defendant violates one or more of the conditions or requirements, Defendant could be
14  returned to prison for all or part of the term of supervised release that was originally
15  imposed.  This could result in Defendant serving a total term of imprisonment greater
16  than the statutory maximum stated above.

17      Defendant understands that as a part of any sentence, in addition to any term of
18  imprisonment and/or fine that is imposed, the Court may order Defendant to pay
19  restitution to any victim of the offense, as required by law.

20      Defendant further understands that the consequences of pleading guilty may
21  include the forfeiture of certain property, either as a part of the sentence imposed by the
22  Court, or as a result of civil judicial or administrative process.

23      Defendant agrees that any monetary penalty the Court imposes, including the
24  special assessment, fine, costs, or restitution, is due and payable immediately and further
25  agrees to submit a completed Financial Statement of Debtor form as requested by the
26  United States Attorney's Office.

27      5.    **Immigration Consequences**.  Defendant recognizes that pleading guilty
28  may have consequences with respect to Defendant's immigration status if Defendant is

Plea Agreement - 3
*U.S. v. Grabowsky*, CR21-141RAJ

1   not a citizen of the United States.  Under federal law, a broad range of crimes are grounds

2   for removal, and some offenses make removal from the United States presumptively

3   mandatory.  Removal and other immigration consequences are the subject of a separate

4   proceeding, and Defendant understands that no one, including Defendant's attorney and

5   the Court, can predict with certainty the effect of a guilty plea on immigration status.

6   Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any

7   immigration consequences that Defendant's guilty plea may entail, even if the

8   consequence is Defendant's mandatory removal from the United States.

9         6.      **Rights Waived by Pleading Guilty.**  Defendant understands that by

10  pleading guilty, Defendant knowingly and voluntarily waives the following rights:

11              a.      The right to plead not guilty and to persist in a plea of not guilty;

12              b.      The right to a speedy and public trial before a jury of Defendant's

13  peers;

14              c.      The right to the effective assistance of counsel at trial, including, if

15  Defendant could not afford an attorney, the right to have the Court appoint one for

16  Defendant;

17              d.      The right to be presumed innocent until guilt has been established

18  beyond a reasonable doubt at trial;

19              e.      The right to confront and cross-examine witnesses against Defendant

20  at trial;

21              f.      The right to compel or subpoena witnesses to appear on Defendant's

22  behalf at trial;

23              g.      The right to testify or to remain silent at trial, at which trial such

24  silence could not be used against Defendant; and

25              h.      The right to appeal a finding of guilt or any pretrial rulings.

26        7.      **United States Sentencing Guidelines**.  Defendant understands and

27  acknowledges that the Court must consider the sentencing range calculated under the

28  United States Sentencing Guidelines and possible departures under the Sentencing

1   Guidelines together with the other factors set forth in Title 18, United States Code,

2   Section 3553(a), including:  (1) the nature and circumstances of the offense; (2) the

3   history and characteristics of Defendant; (3) the need for the sentence to reflect the

4   seriousness of the offense, to promote respect for the law, and to provide just punishment

5   for the offense; (4) the need for the sentence to afford adequate deterrence to criminal

6   conduct; (5) the need for the sentence to protect the public from further crimes of

7   Defendant; (6) the need to provide Defendant with educational and vocational training,

8   medical care, or other correctional treatment in the most effective manner; (7) the kinds

9   of sentences available; (8) the need to provide restitution to victims; and (9) the need to

10  avoid unwarranted sentence disparity among defendants involved in similar conduct who

11  have similar records.  Accordingly, Defendant understands and acknowledges that:

12          a.      The Court will determine Defendant's Sentencing Guidelines range

13  at the time of sentencing;

14          b.      After consideration of the Sentencing Guidelines and the factors in

15  18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the

16  maximum term authorized by law;

17          c.      The Court is not bound by any recommendation regarding the

18  sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

19  range offered by the parties or the United States Probation Department, or by any

20  stipulations or agreements between the parties in this Plea Agreement; and

21          d.      Defendant may not withdraw a guilty plea solely because of the

22  sentence imposed by the Court.

23      8.      **Ultimate Sentence**.  Defendant acknowledges that no one has promised or

24  guaranteed what sentence the Court will impose.

25      9.      **Statement of Facts**.  The parties agree on the following facts.  Defendant

26  admits Defendant is guilty of the charged offense:

27          On multiple occasions in 2017 within the Western District of Washington,

28  MATTHEW GRABOWSKY engaged in oral and anal sexual intercourse with MV1, a

Plea Agreement - 5
*U.S. v. Grabowsky*, CR21-141RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

person under the age of 18.  GRABOWSKY created visual depictions of his sexual contact with MV1, thereby using MV1 to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct.  In August 2017, GRABOWSKY knowingly and intentionally distributed these visual depictions of MV1 engaged in sexually explicit conduct that he produced to other individuals over the internet.  He also discussed his sexual contact with MV1 and other minors with those same individuals.

In August 2018, at his home in Kent, Washington, GRABOWSKY knowingly possessed the digital devices described below in Paragraph 13 that contained at least 87 images and 17 videos of actual minors engaged in sexually explicit conduct.  These include the images described below, which are representative of the types of images and videos possessed by GRABOWSKY:

> **Image 1**:  This color image depicts a prepubescent male between three and six years old.  He is completely nude and posed with his legs up in the air and his ankles tied together, exposing his genitals and anus camera.

> **Image 2**:  This color image depicts a prepubescent male between two and five years old.  He is completely, and an adult male is shown inserting his penis into the child's anus.

> **Image 3**:  This color image depicts a prepubescent male between two and four years old.  The image shows another person inserting a dog's penis into the child's mouth.

> **Image 4**:  This color image depicts a prepubescent female who is between three and six years old.  She is kneeling down underneath a dog and engaging in oral sex with the dog.

Each of these visual depictions possessed by GRABOWSKY was produced using materials that had been shipped or transported in interstate or foreign commerce.  GRABOWSKY routinely traded visual depictions of minors engaged in sexually explicit conduct with others over the internet and chatted about the trade of these visual depictions and the sexual abuse and rape of children and animals.

Plea Agreement - 6
*U.S. v. Grabowsky*, CR21-141RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

10.    **Acceptance of Responsibility.**  At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11.    **Sentencing Factors**.  The parties agree that the following Sentencing Guidelines provisions apply to this case:

a.    There is a three-level decrease based on Defendant's acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), (b); and

b.    The government will recommend a three-level downward variance based on the Defendant's willingness to undergo a psycho-sexual assessment and polygraph, and share the results as part of sentencing.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

12.    **Restitution.**  Defendant agrees that the Court can order Defendant to pay restitution to the victims of Defendant's crimes and, in exchange for the agreements by the United States contained in this plea agreement, Defendant agrees that restitution in

Plea Agreement - 7
*U.S. v. Grabowsky*, CR21-141RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  this case should not be limited to the offense of conviction.  Defendant is aware that the

2  United States will present evidence supporting an order of restitution for all losses caused

3  by all of Defendant's criminal conduct known to the United States at the time of

4  Defendant's guilty plea to include those losses resulting from crimes not charged or

5  admitted by Defendant in the Statement of Facts.  In exchange for the promises by the

6  United States contained in this plea agreement, Defendant agrees that Defendant will be

7  responsible for any order by the District Court requiring the payment of restitution for

8  such losses.

9         a.     The full amount of restitution shall be due and payable immediately

10  on entry of judgment and shall be paid as quickly as possible.  If the Court finds that the

11  defendant is unable to make immediate restitution in full and sets a payment schedule as

12  contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule

13  represents a minimum payment obligation and does not preclude the U.S. Attorney's

14  Office from pursuing any other means by which to satisfy the defendant's full and

15  immediately-enforceable financial obligation, including, but not limited to, by pursuing

16  assets that come to light only after the district court finds that the defendant is unable to

17  make immediate restitution.

18         b.     Defendant agrees to disclose all assets in which Defendant has any

19  interest or over which Defendant exercises control, directly or indirectly, including those

20  held by a spouse, nominee, or third party.  Defendant agrees to cooperate fully with the

21  United States' investigation identifying all property in which Defendant has an interest

22  and with the United States' lawful efforts to enforce prompt payment of the financial

23  obligations to be imposed in connection with this prosecution.  Defendant's cooperation

24  obligations are:  (1) before sentencing, and no more than 30 days after executing this Plea

25  Agreement, truthfully and completely executing a Financial Disclosure Statement

26  provided by the United States Attorney's Office and signed under penalty of perjury

27  regarding Defendant's and Defendant's spouse's financial circumstances and producing

28  supporting documentation, including  tax returns, as requested; (2) providing updates

Plea Agreement - 8
*U.S. v. Grabowsky*, CR21-141RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 | with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within
2 | seven days of the event giving rise to the changed circumstances; (3) authorizing the
3 | United States Attorney's Office to obtain Defendant's credit report before sentencing; (4)
4 | providing waivers, consents or releases requested by the U.S. Attorney's Office to access
5 | records to verify the financial information; (5) authorizing the U.S. Attorney's Office to
6 | inspect and copy all financial documents and information held by the U.S. Probation
7 | Office; (6) submitting to an interview regarding Defendant's Financial Statement and
8 | supporting documents before sentencing (if requested by the United States Attorney's
9 | Office), and fully and truthfully answering questions during such interview; and (7)
10 | notifying the United States Attorney's Office before transferring any interest in property
11 | owned directly or indirectly by Defendant, including any interest held or owned in any
12 | other name, including all forms of business entities and trusts.

13 |       c.    The parties acknowledge that voluntary payment of restitution prior
14 | to the adjudication of guilt is a factor the Court considers in determining whether
15 | Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).  In
16 | addition, in any event, the government will consider Defendant's cooperation regarding
17 | restitution in making its sentencing recommendation.

18 |     13.   **Forfeiture of Assets**.  The Defendant understands that the forfeiture of
19 | property is part of the sentence that must be imposed in this case. The Defendant agrees
20 | to forfeit to the United States immediately his right, title, and interest in all property he
21 | used to commit or to facilitate his commission of the identified offense, any proceeds of
22 | the offense, and any data files consisting of or containing visual depictions within the
23 | meaning of 18 U.S.C. § 2253(a)(1). All such property is forfeitable pursuant to Title 18,
24 | United States Code, Section 2253(a), and includes but is not limited to:

25 |       a.    One Apple iPhone 8 Plus seized from MATTHEW GRABOWSKY;
26 | and

27 |       b.    One MacBook Pro Laptop seized from MATTHEW
28 | GRABOWSKY.

1    The Defendant agrees to fully assist the United States in the forfeiture of this

2    property and to take whatever steps are necessary to pass clear title to the United States,

3    including but not limited to: surrendering title and executing any documents necessary to

4    effect forfeiture; assisting in bringing any property located outside the United States

5    within the jurisdiction of the United States; and taking whatever steps are necessary to

6    ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or

7    otherwise made unavailable for forfeiture. The Defendant agrees not to file a claim to this

8    property in any federal forfeiture proceeding, administrative or judicial, that may be or

9    has been initiated, or to otherwise contest any federal forfeiture proceeding that may be

10   or has been initiated. The Defendant also agrees he will not assist any party who may file

11   a claim to this property in any federal forfeiture proceeding.

12        The United States reserves its right to proceed against any remaining property not

13   identified in this Plea Agreement, including any property in which Defendant has any

14   interest or control, if the Defendant used that property to commit or to facilitate his

15   commission of the identified offense.

16        14.    **Abandonment of Non-Contraband Data Files.** The Defendant abandons

17   any interest he may have in any non-contraband data files contained on the electronic

18   devices identified in Paragraph 13, and he consents to the federal administrative

19   disposition of those data files, including their destruction.

20        Defendant further consents to the federal administrative disposition, including the

21   destruction of the device and all data files located thereon, of a dark gray Apple iPhone

22   8+ (S/N: GHJWT0GNJCM2) seized from Matthew Grabowsky in August 2018.

23        15.    **Pre-Sentence Psycho-Sexual Assessment.** Defendant will submit to a sex

24   offender evaluation/psycho-sexual assessment, which shall include polygraph testing.

25   Defendant waives any right to confidentiality and authorizes the above-described

26   provider conducting the psycho-sexual evaluation (and any subsequent treatment) to

27   supply a written report(s) to the United States Probation Office, defense counsel, and

28

Plea Agreement - 10
*U.S. v. Grabowsky*, CR21-141RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    government counsel.  Such report(s) may be considered by the Court in determining the

2    appropriate sentence and conditions of supervised release.

3           16.    **Registration as a Sex Offender.**  Defendant stipulates and agrees that

4    based on the Sex Offender Registration and Notification Act, Title 42, United States

5    Code, Section 16911 et seq., he is entering a plea of guilty to a sex offense and is a sex

6    offender as those terms are defined in the Act.  The Defendant further agrees that

7    pursuant to the Act, he is required to register as a sex offender, and keep the registration

8    current, in each jurisdiction where the Defendant resides, is an employee, and is a

9    student.  The Defendant further agrees that for initial registration purposes only, the

10    Defendant is required also to register in the jurisdiction in which the Defendant is

11    convicted if such jurisdiction is different from the jurisdiction of residence.

12           17.    **Non-Prosecution of Additional Offenses**.  As part of this Plea Agreement,

13    the United States Attorney's Office for the Western District of Washington agrees not to

14    prosecute Defendant for any additional offenses known to it as of the time of this Plea

15    Agreement based upon evidence in its possession at this time, and that arise out of the

16    conduct giving rise to this investigation.  In this regard, Defendant recognizes the United

17    States has agreed not to prosecute all of the criminal charges the evidence establishes

18    were committed by Defendant solely because of the promises made by Defendant in this

19    Plea Agreement.  Defendant agrees, however, that for purposes of preparing the

20    Presentence Report, the United States Attorney's Office will provide the United States

21    Probation Office with evidence of all conduct committed by Defendant.

22           Defendant agrees that any charges to be dismissed before or at the time of

23    sentencing were substantially justified in light of the evidence available to the United

24    States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

25    with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119

26    (1997).

27           18.    **Breach, Waiver, and Post-Plea Conduct.**  Defendant agrees that, if

28    Defendant breaches this Plea Agreement, the United States may withdraw from this Plea

Plea Agreement - 11
*U.S. v. Grabowsky*, CR21-141RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   Agreement and Defendant may be prosecuted for all offenses for which the United States

2   has evidence. Defendant agrees not to oppose any steps taken by the United States to

3   nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

4   Agreement. Defendant also agrees that, if Defendant is in breach of this Plea Agreement,

5   Defendant has waived any objection to the re-institution of any charges that previously

6   were dismissed or any additional charges that had not been prosecuted.

7           Defendant further understands that if, after the date of this Plea Agreement,

8   Defendant should engage in illegal conduct, or conduct that violates any conditions of

9   release or the conditions of confinement (examples of which include, but are not limited

10  to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while

11  pending sentencing, and false statements to law enforcement agents, the Pretrial Services

12  Officer, Probation Officer, or Court), the United States is free under this Plea Agreement

13  to file additional charges against Defendant or to seek a sentence that takes such conduct

14  into consideration by requesting the Court to apply additional adjustments or

15  enhancements in its Sentencing Guidelines calculations in order to increase the applicable

16  advisory Guidelines range, and/or by seeking an upward departure or variance from the

17  calculated advisory Guidelines range. Under these circumstances, the United States is

18  free to seek such adjustments, enhancements, departures, and/or variances even if

19  otherwise precluded by the terms of the Plea Agreement.

20          19.    **Waiver of Appellate Rights and Rights to Collateral Attacks.**

21  Defendant acknowledges that, by entering the guilty plea required by this Plea

22  Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any

23  pretrial rulings of the Court, and any rulings of the Court made prior to entry of the

24  judgment of conviction. Defendant further agrees that, provided the Court imposes a

25  custodial sentence that is within or below the Sentencing Guidelines range (or the

26  statutory mandatory minimum, if greater than the Guidelines range) as determined by the

27  Court at the time of sentencing, Defendant waives to the full extent of the law:

28

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1        a.      Any right conferred by Title 18, United States Code, Section 3742,

2   to challenge, on direct appeal, the sentence imposed by the Court, including any fine,

3   restitution order, probation or supervised release conditions, or forfeiture order (if

4   applicable); and

5        b.      Any right to bring a collateral attack against the conviction and

6   sentence, including any restitution order imposed, except as it may relate to the

7   effectiveness of legal representation; and

8       This waiver does not preclude Defendant from bringing an appropriate motion

9   pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or

10   the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

11       If Defendant breaches this Plea Agreement at any time by appealing or collaterally

12   attacking (except as to effectiveness of legal representation) the conviction or sentence in

13   any way, the United States may prosecute Defendant for any counts, including those with

14   mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea

15   Agreement.

16       20.    **Voluntariness of Plea**.  Defendant agrees that Defendant has entered into

17   this Plea Agreement freely and voluntarily, and that no threats or promises were made to

18   induce Defendant to enter a plea of guilty other than the promises contained in this Plea

19   Agreement or set forth on the record at the change of plea hearing in this matter.

20       21.    **Statute of Limitations**.  In the event this Plea Agreement is not accepted

21   by the Court for any reason, or Defendant breaches any of the terms of this Plea

22   Agreement, the statute of limitations shall be deemed to have been tolled from the date of

23   the Plea Agreement to:  (1) thirty (30) days following the date of non-acceptance of the

24   Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach

25   of the Plea Agreement by Defendant is discovered by the United States Attorney's

26   Office.

27

28

Plea Agreement - 13
*U.S. v. Grabowsky*, CR21-141RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    22.    **Completeness of Agreement**. The United States and Defendant

2 acknowledge that these terms constitute the entire Plea Agreement between the parties,

3 except as may be set forth on the record at the change of plea hearing in this matter. This

4 Agreement binds only the United States Attorney's Office for the Western District of

5 Washington. It does not bind any other United States Attorney's Office or any other

6 office or agency of the United States, or any state or local prosecutor.

7

8    Dated this 14th day of September, 2021.

9

10

11    MATTHEW GRABOWSKY
       Defendant
12

13

14    TIMOTHY LEARY
       CHRISTOPHER BLACK
15    Attorneys for Defendant

16

17    s/ Matthew P. Hampton for
18    GRADY J. LEUPOLD
       Assistant United States Attorney
19

20

21    s/ Matthew P. Hampton
       MATTHEW P. HAMPTON
22    Assistant United States Attorney

23

24

25

26

27

28

Plea Agreement - 14
*U.S. v. Grabowsky*, CR21-141RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970